¶ 1 I respectfully dissent from the majority's view that the record does not establish there was probable cause to search appellant.
 {¶ 2} Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122.
 {¶ 3} In Terry, supra, the United States Supreme Court examined probable cause to stop and search and determined "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 4} The odor of marijuana standing alone is insufficient. However, I find the odor of marijuana, coupled with the observation of a marijuana cigarette, to be sufficient to establish probable cause to search the occupants of the vehicle.
 {¶ 5} I would deny the assignment of error.